# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MIGUEL MORALES**                                                         **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 3:13-cv-848-DCB-MTP**

**BONITA MOSLEY**                                                 **DEFENDANT**

<u>REPORT AND RECOMMENDATION</u>

BEFORE THE COURT is the *pro se* Petition of Miguel Morales for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice.

BACKGROUND

On February 23, 2011, Petitioner Miguel Morales was sentenced to fifty-seven months imprisonment and four years of supervised release for Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1).[1] He is currently incarcerated at the Federal Bureau of Prisons ("BOP") Correctional Complex in Yazoo City, Mississippi,[2] and is projected to be released on November 4, 2014.[3]

Morales filed the instant petition on October 29, 2013, arguing that BOP has incorrectly categorized him as a resident alien as opposed to United States citizen.[4] Morales allges that this categorization prevents him from placement in a community reentry facility, more commonly known

---

[1]Exhibit A [12-1].

[2]Petition [1] at 1.

[3]Exhibit A [12-1] at 2.

[4]Petition[1] at 2.

as a halfway house.[5] Morales admits that he was born in Mexico, but argues that he obtained citizenship through the naturalization of his father, which he claims occurred when he was age seventeen.[6] Morales requests the court to order BOP to verify his citizenship so that he can be placed in a halfway house prior to his quickly approaching release date.[7] In her answer, Respondent contends that (1) the court does not have subject matter jurisdiction over Morales's Petition, and (2) Morales has not properly exhausted his claims.[8] Specifically, Respondent claims that Morales's claim does not affect the duration of his sentence, and therefore is not properly brought in the form of a petition for habeas corpus. *Id.*

## ANALYSIS

<u>Subject Matter Jurisdiction</u>

Morales has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir.1992). Respondent correctly notes that only challenges to the "validity of any confinement or to particulars affecting its duration" are the "province" of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500

---

[5]*Id.* at 6-7. Morales argues in his complaint that his BOP categorization and the resulting bar from halfway house placement violates his equal protection rights, but an examination of his claim indicates otherwise. Morales is not arguing that BOP's categorization *policy* violates his constitutional rights in regard to the differing treatment of aliens and citizens, he is challenging his particular categorization itself.

[6]*See id.* at 7, Traverse [13], & Response [15].

[7]Petition [1] at 8.

[8]*See* Answer [12]; Reply [14].

(1973)). Her argument, however, that Morales's claim does not challenge the duration of his sentence, and merely contests the conditions of his confinement, is incorrect.

Placement in community-based reentry facilities (halfway houses) is a component of several BOP rehabilitation programs, which, if completed, can result in a sentence reduction up to twelve months. 18 U.S.C. §§ 3621(2)(B) & 3624; 28 C.F.R. § 550.55(b)(1). To the extent the Morales argues that he is being deprived of early release via placement in the halfway house program, his request is properly before the Court as a § 2241 petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("A claims challenging the denial of entry into the [halfway house] program is . . . properly raised under § 2241."); *Cervante v. United States,* 402 Fed. App'x 886 (5th Cir. Nov. 18, 2010) (same). Furthermore, Morales filed his petition from a facility over which this Court exercises jurisdiction. *See Lee v. Wetzel,* 244 F.3d 370, 375 n. 5 (5th Cir.2001); *see also United States v. Gabor,* 905 F.2d 76, 78 (5th Cir.1990) (holding that, "[t]o entertain a § 2241 habeas petition, the . . .court must, *upon the filing of the petition,* have jurisdiction over the prisoner or his custodian") (emphasis added). Therefore, the court has subject matter jurisdiction over Morales's habeas petition.

<u>Failure to Exhaust</u>

Respondent also argues that Morales's Petition should be dismissed because he has failed to properly exhaust claims. It is firmly established that petitioners seeking relief under Section 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing exhaustion concerning a challenge by a federal prisoner to a parole decision); *Crumps v. Bureau of Prisons*, No. 1:05-CV-775, 2006 WL 2524102, at *2 (E.D. Tex. Aug. 30, 2006) (report and recommendation adopted by the district court

which addressed exhaustion in the context of a Section 2241 petition seeking release to a halfway house for the last six months of federal sentence). Exceptions to the exhaustion requirement may be appropriate only "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting the waiver of the exhaustion requirement. *Id*.

In order to properly exhaust administrative remedies under section 2241, a prisoner must make an informal resolution of his complaint, followed by a formal grievance, an appeal to the warden and the administrator of BOP's management branch, and then finally an appeal with BOP's Office of General Counsel. 28 C.F.R. § 542.10 *et seq*. Morales admits in the Petition that he ceased to pursue administrative remedies past the warden level due to several rejections.[9] Therefore, in order for Morales's Petition to survive, it must fall under an exception to the exhaustion requirement.

Morales addresses exhaustion in his filings only to the extent that he explains he did not appeal past the warden level because he "kept getting rejected."[10] This explanation does not serve to demonstrate that Morales has carried his burden to show that administrative remedies are inappropriate to the relief sought or patently futile. *Fuller*, 11 F.3d at 62. While it is possible that Morales will be unable to exhaust remedies before his release date of November 4, 2014, the possibility of Morales's sentence expiring while the administrative remedy process is pending falls

---

[9] Petition [1] at 3.

[10] *Id.*

4

short of the "extraordinary circumstances" required. *Id*. The United States Supreme Court has noted that even an inmate who may be entitled to immediate release must exhaust his administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973) ("It is true that exhaustion of . . . remedies takes time, but there is no reason to assume that state prison administrators . . will not act expeditiously."). Accordingly, because Morales has not properly exhausted his claims nor established circumstances warranting an exception to the exhaustion requirement, his claim must be dismissed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Morales's Petition for Writ of Habeas Corpus be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of September, 2014.

                                                   s/Michael T. Parker
                                                   United States Magistrate Judge