```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**MIGUEL MORALES**                                                **PETITIONER**

**VS.**                             **CIVIL ACTION NO: 3:13-cv-848-DCB-MTP**

**WARDEN BONITA MOSLEY**                                         **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of September 25, 2014 **[docket entry no. 23]** and Petitioner's, Miguel Morales, Motion for Order to Verify Citizenship **[docket entry no. 18]**. Judge Parker recommends that the Petition for Writ of Habeas Corpus be dismissed without prejudice. Having reviewed the Report and Recommendation, the petitioner's objections thereto, and applicable statutory and case law, the Court finds as follows:

Petitioner Miguel Morales is currently incarcerated at the Federal Correction Complex in Yazoo City, Mississippi, ("CCYC"). He is due to be released on November 4, 2014. Report & Recommendation p. 1. Morales filed the instant petition for writ of habeas corpus on October 29, 2013, alleging that he is being denied equal protection of the law because his request to verify his citizenship has been denied. Morales requests that this Court order "the staff of the [CCYC} to take the necessary steps to verify [his] United

1

States Citizenship." Pet. Writ Habeas Corpus p. 8. In her response, Respondent Warden Bonita Mosley argues that this Court lacks subject matter jurisdiction to hear the petition and, alternatively, that Morales has failed to exhaust his administrative remedies. Warden Mosley specifically argues this Court lacks jurisdiction because the requested relief would not affect the duration of Morales's sentence.

Judge Parker found that this Court does have subject matter jurisdiction over this matter to the extent that "Morales argues that he is being deprived of early release via placement in a halfway house program." Report & Recommendation p. 3. Morales argues in his petition that the Federal Bureau of Prisons ("BOP") has incorrectly categorized him as a resident alien instead of a citizen of the United States. Morales claims he acquired U.S. citizenship pursuant to 8 U.S.C. Section 1431 because his father naturalized before Morales turned eighteen. Notice Traverse p. 2. Morales's categorization as a resident alien precludes his participation in a halfway house program under BOP policy, and successful participation in such a program can result in a sentence reduction of up to twelve (12) months. See Report & Recommendation p. 3 (citing 18 U.S.C. §§ 3621(e)(2)(B) & 3624; 28 C.F.R. § 550.55(b)(1)).

Judge Parker also found that Morales did not properly exhaust his administrative remedies. "Morales admit[ted] in the Petition

that he ceased to pursue administrative remedies past the warden level due to several rejections." Report & Recommendation p. 4. Judge Parker further found that Morales's failure to exhaust did not meet any of the "extraordinary circumstances" exceptions to exhaustion. Id. at p. 4-5 (finding that repeated rejection does not show the inappropriateness or futility of an administrative remedy and that "the possibility of Morales's sentence expiring while the administrative remedy process is pending" is not an extraordinary circumstance).

Morales timely filed his Objection to the Report and Recommendation. Pursuant to Uniform Local Civil Rule 72(a)(3), Warden Mosley informed the Court that she would not respond to Morales's objections. Resp't's Resp. Opp. p. 1. Morales's filing can be narrowed to one salient objection: the Report and Recommendation was filed eleven (11) months after Judge Parker ordered Morales to explain his admitted failure to exhaust the administrative remedies. See Objection Report & Recommendation. "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). The Court finds that this objection need not be considered. When there has been no objection to a report and recommendation, review

is limited to plain error. Shelby v. City of El Paso, Tex., — F. App'x —, No. 13-509040, 2014 WL 3888244, at *3 (5th Cir. Aug. 8, 2014) (citing Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1)).

Having reviewed the Report and Recommendation for plain error, and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. The Court finds that the reliefs requested in the petition and in Morales's motion are identical, and the Court will therefore dispose of both at once and for the same reasons. Alternatively, the motion is mooted by the Court's order. The motion, therefore, will be denied.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED.

FURTHER ORDERED that the Petitioner's Objection to the Magistrate Judge's Report and Recommendation is OVERRULED.

FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

FURTHER ORDERED that the Petitioner's Motion for Order to Verify Citizenship is DENIED.

A final judgment dismissing the Petition will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 22nd day of October, 2014.

                                                     /s/ David Bramlette
                                                 UNITED STATES DISTRICT JUDGE